# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONNA MCCUMBER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>INTERNET WINE & SPIRITS CO., )<br>a/k/a RANDALL LIQUORS, )<br>a/k/a RANDALL'S, )<br>)<br>Defendant. ) | No. 11-CV-549-WDS |

## ORDER

**STIEHL, District Judge:**

Before the Court are two motions to dismiss and a motion to remand. Defendant Internet Wine & Spirits Co., moves to dismiss the Illinois Human Rights Act claims contained in counts II, III, and IV of the complaint (Docs. 4 & 5). Plaintiff Donna McCumber has not responded, but instead filed a motion to dismiss Counts II and III, and paragraphs 21(b) and (c) of count IV (Doc. 11). Defendant has not responded to plaintiff's motion. Plaintiff also moves to remand to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois (Doc. 12). Defendant has not responded to that motion either, and the time to do so has now passed.

Plaintiff originally filed this four-count action in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, Case No. 11L0325 (Doc. 2, Ex. 2). Count I alleges retaliatory discharge under the Illinois Workers' Compensation Act. Count II alleges wrongful discharge based on plaintiff's disability and age in violation of state and federal laws. Count

III alleges intentional infliction of emotion distress based on the previously alleged disability and age discrimination. Count IV seeks punitive damages, stating in paragraph 21 that defendant discharged plaintiff (a) in retaliation for her assertion of a claim under the Illinois Worker's Compensation Act, (b) based on her disability, (c) based on her age, and (d) intentionally inflicted emotional distress.

Defendant removed the action to this Court because plaintiff's claims of disability and age discrimination in Count II are alleged to be in violation of federal law: the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq*. (Doc. 2). Consequently, the Court had original jurisdiction over the action. 28 U.S.C. §§ 1331, 1441. (Inasmuch as defendant is incorporated in Illinois and plaintiff is a citizen of Illinois, diversity jurisdiction does not exist. *See* 28 U.S.C. § 1332.) The Court has supplemental jurisdiction over the state-law claims. 28 U.S.C. § 1367(a).

After removal, defendant moved to dismiss the Illinois Human Rights Act claims in Counts II, III, and IV of the complaint (Doc. 4). Plaintiff has not responded to defendant's motion to dismiss. Instead, plaintiff voluntarily moves to dismiss Counts II and III entirely, and paragraphs 21(b) and (c) of Count IV under Federal Rule of Civil Procedure 41(a) (Doc. 11). Paragraphs 21(b) and (c) of Count IV seek punitive damages for wrongfully discharging plaintiff based on her disability and age. Thus all federal-law claims would be withdrawn.

A plaintiff may dismiss an action without a court order by filing "(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R.

2

Civ. P. 41(a)(1)(A). Otherwise, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). It is within the court's sound discretion whether to permit a plaintiff to voluntarily dismiss an action under Rule 41(a)(2). *Kunz v. DeFelice*, 538 F.3d 667, 677 (7th Cir. 2008); *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994); *Tyco Labs., Inc. v. Koppers Co., Inc.*, 627 F.2d 54, 56 (7th Cir. 1980). A court abuses its discretion only if the defendant shows it will suffer "plain legal prejudice." *Kunz*, 538 F.3d at 677. In deciding whether prejudice would arise, the court may consider (1) a defendant's effort and resources already expended in preparing for trial, (2) excessive delay and lack of diligence on the part of plaintiff in prosecuting the action, (3) insufficient explanation for the need of a dismissal, and (4) whether a summary-judgment motion has been filed by defendant. *Kunz*, 538 F.3d at 677–78 (citing *Pace v. Southern Exp. Co.*, 409 F.2d 331, 334 (7th Cir. 1969)); *Tyco Labs.*, 627 F.2d at 56.

Here, defendant has already filed an answer (Doc. 6), and the parties have not signed a stipulation of dismissal, so plaintiff's claims may be dismissed only by Court order on terms the Court considers proper. Considering the factors mentioned above, the Court **FINDS** that Counts II, III, and paragraphs 21(b) and (c) of Count IV may be dismissed without prejudice. This action was removed recently, on June 22, 2011. Defendant filed an answer and motion to dismiss, but otherwise defendant has not expended effort and resources preparing for trial. There is no evidence of delay or lack of diligence on the part of plaintiff in prosecuting this action. Plaintiff does not explain the need for dismissal; however, defendant has also not responded to plaintiff's motion. So it would appear defendant agrees. And no summary-judgment motion has been filed. The Court therefore **GRANTS** plaintiff's motion to dismiss.

On July 11, 2011, plaintiff filed a motion to remand this action to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois. Jurisdiction here was based solely on original jurisdiction under federal law, 28 U.S.C. § 1331, and all federal claims have now been dismissed. Only Count I, retaliatory discharge under the Illinois Workers' Compensation Act, and the portions of Count IV seeking punitive damages under state law remain. Plaintiff therefore believes the Court no longer has jurisdiction and should remand. Defendant has not responded, and the time to respond has now passed. Under the Court's local rules, "[f]ailure to file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." SDIL-LR 7.1(c). Accordingly, the Court considers defendant's failure to file a response to plaintiff's motion an admission of the merits. Plaintiff's motion to remand is hereby **GRANTED**.

Moreover, although the Court maintains supplemental jurisdiction over the state claims, 28 U.S.C. § 1367(a), it may decline to exercise supplemental jurisdiction over remaining state claims once it has "dismissed all claims over which it has original jurisdiction," § 1367(c)(3). As a general rule, when all federal claims have been dismissed before trial, the Court should decline to exercise jurisdiction over the remaining state claims. *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007); *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1252 (7th Cir. 1994). The exceptions to the general rule are not present here. Namely, plaintiff does not allege that her state claims are barred by statute of limitations, judicial resources have not been expended on the state claims, and it is not clearly apparent how the state claims will be decided. *Williams*, 509 F.3d at 404. Accordingly, the Court declines to exercise jurisdiction over the remaining state claims.

For the foregoing reasons, the Court hereby **GRANTS** plaintiff's unopposed motion to dismiss Counts II and III, and paragraphs 21(b) and (c) of Count IV (Doc. 11) and they are **DISMISSED** without prejudice. The Court also **GRANTS** plaintiff's unopposed motion to remand (Doc. 12), and this action is hereby **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois. Defendant's motion to dismiss the Illinois Human Rights Act claims in Counts II, III, and IV is denied as **MOOT** (Doc. 4). Each party shall bear its own costs.

**IT IS SO ORDERED.**

**DATED:  August 24, 2011**

 /s/   WILLIAM D. STIEHL
         **DISTRICT JUDGE**